UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| | : | |
| BRODERICK GOLDEN, AURTHUR | : | **DOCKET NO. 4:17-cv-844** |
| HOUSTON, and RICKY LEE DIXON, | : | |
| individually and on behalf of all others | : | |
| similarly situated, | : | **JURY TRIAL DEMANDED** |
| Plaintiff, | : | |
| | : | |
| v. | : | **COLLECTIVE ACTION** |
| | : | **PURSUANT TO 29 U.S.C. § 216(b)** |
| INMAN'S AUTO RESCUE LP, | : | |
| MICHAEL K. INMAN, INMAN'S AUTO | : | |
| RESCUE OF HOUSTON, LLC, and AUTO | : | |
| RESCUE OF SAN ANTONIO, LLC, | : | |
| | : | |
| Defendants. | | |

NOW COME Plaintiffs BRODERICK GOLDEN, AURTHUR HOUSTON, and RICKY

LEE DIXON, by and through their attorneys, Blanchard & Walker PLLC and Berger & Montague,

P.C., on behalf of themselves and on behalf of all others similarly situated, bring this Complaint

against Defendants as follows:

## COLLECTIVE ACTION COMPLAINT

1.      This is a collective action brought pursuant to 29 U.S.C. §216(b) by Plaintiffs

Broderick Golden, Aurthur Houston, and Ricky Lee Dixon (collectively "Plaintiffs"), on behalf of

themselves and all others similarly situated, which arises from Defendants' willful violation of the

federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, for failure to pay proper

minimum wage and overtime wages for all hours of work performed by its employees.

2.      Defendants Inman's Auto Rescue of Houston, LLC, Auto Rescue of San Antonio,

LLC, Inman's Auto Rescue LP, and Michael K. Inman (collectively, "Defendants" or "Auto

Rescue"), employ Plaintiffs and others similarly situated as roadside assistance technicians to

provide services to motorists whose vehicles have suffered a mechanical failure that leaves the operator stranded, such as getting a flat tire, being locked out of their car, running out of fuel, or a dead battery.

3.      Plaintiffs bring this collective action on behalf of themselves and others similarly situated to challenge Defendants' unlawful policy and practice of misclassifying their roadside assistance technicians as "independent contractors" when they are properly classified as employees.

4.      By misclassifying their roadside assistance technicians as "independent contractors," Defendants violated the FLSA by failing to pay their workers minimum wage and overtime for all time worked in excess of forty hours per week.

5.      Plaintiffs bring this claim under the FLSA on behalf of all similarly situated employees who may choose to opt in to this action pursuant to 29 U.S.C. §216(b).

## PARTIES

6.      Plaintiff Broderick Golden ("Golden") is a citizen and resident of Houston, Texas. Golden worked for Defendants as a roadside assistance technician from August 2011 to on or about December 2015. Pursuant to 29 U.S.C. § 216(b), Golden has consented in writing to being a Plaintiff in this action.  *See* Exhibit A.

7.      Plaintiff Aurthur Houston ("Houston") is a citizen and resident of Houston, Texas. Houston worked for Defendants as a roadside assistance technician from 2013 until on or about November 2015. Pursuant to 29 U.S.C. § 216(b), Houston has consented in writing to being a Plaintiff in this action.  *See* Exhibit B.

8.      Plaintiff Ricky Lee Dixon ("Dixon") is a citizen and resident of San Antonio, Texas. Dixon worked for Defendants as a roadside assistance technician from 2012 until on or

about August 2015. Pursuant to 29 U.S.C. § 216(b), Dixon has consented in writing to being a Plaintiff in this action. *See* Exhibit C.

9.     Defendant Inman's Auto Rescue LP, is a Texas limited partnership with its corporate headquarters located in the City of Lewisville, Texas.

10.     Defendant Inman's Auto Rescue of Houston, LLC is a Texas limited liability company doing business in Texas with its principal office listed at 359 Lake Park Road, Suite 124, Lewisville, Texas 75057.

11.     Defendant Auto Rescue of San Antonio, LLC is a Texas limited liability company doing business in Texas with its principal office listed at 359 Lake Park Road, Suite 124, Lewisville, Texas 75057.

12.     Defendant Michael K. Inman ("Inman") is a resident of the State of Texas and is the majority limited partner and president of Defendant Inman's Auto Rescue, LP, and is the manager of Auto Rescue of Houston, LLC. On information and belief, Inman directs and controls the activities of all Defendants.

13.     The business entities (Defendants Inman's Auto Rescue LP, Inman's Auto Rescue of Houston, LLC, and Auto Rescue of San Antonio, LLC) constitute a single integrated enterprise and/or acted as a joint employer of Plaintiffs and others similarly situated, in that the entities were commonly owned and/or operated by Defendant Michael K. Inman, shared common policies regarding the employment and compensation of roadside assistance technicians, and shared common management.

14.     The business entities (Defendants Inman's Auto Rescue of Houston, LLC, Auto Rescue of San Antonio, LLC, and Inman's Auto Rescue LP) are jointly and severally liable for

Plaintiffs' FLSA claim because they constitute a single integrated enterprise and/or acted as joint employer of Plaintiffs and others similarly situated.

15.     The individual Defendant (Michael K. Inman) is jointly liable for the FLSA violations as owner, officer, and/or manager of the business entities who possessed substantial control over the entities' actual operations and employment decisions.

## JURISDICTION AND VENUE

16.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiffs have brought a claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

17.     Venue is proper in this Court because Plaintiffs reside within this judicial district, and because a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred within this District.

## STATEMENT OF FACTS

18.     Auto Rescue provides roadside services to stranded motorists whose vehicles have suffered a mechanical failure that leaves the operator stranded, such as a flat tire, being locked out of their car, running out of fuel, or a dead battery.

19.     As a condition of employment, Auto Rescue requires its roadside assistance technicians to sign an "Independent Contractor Agreement" (the "Agreement") that mischaracterizes each roadside assistance technician as an "independent contractor."

20.     The Agreement is designed to facilitate Defendants' intentional misclassification of employees and to conceal the employer-employee relationship between the roadside assistance technicians and Auto Rescue.

21.     In fact, Auto Rescue maintains the absolute right to control and direct the work of its roadside assistance technicians by, among other things:

a.  Assigning roadside assistance technicians to calls and punishing technicians who fail to accept a call by not giving the technician work for a period of time;

b.  Requiring roadside assistance technicians to wear particular clothing and to display specific branding on their vehicles;

c.  Issuing rules for roadside assistance technicians regarding who can be in the technicians' vehicles during calls;

d.  Prescribing rules on how roadside assistance technicians are to conduct themselves while on calls;

e.  Controlling the dispatch of roadside assistance service calls by Defendant Inman Auto-Rescue; and

f.  Equipping new roadside assistance technician hires with specific tools and providing a GPS tracking device to install on the new technician's vehicle, and, on occasion, Agents of Inman Auto Rescue visiting the new technician to assist with proper GPS set-up.

22.    While Defendants (mis)classified Plaintiffs and others similarly situated as "independent contractors," Defendants retained the absolute right to control and direct the work of Plaintiffs and others similarly situated. Further, the nature of the services that they performed, and the manner in which they performed these services, made it clear that Plaintiffs were actually "employees" within the meaning of the FLSA.

23.    Plaintiffs and others similarly situated are not paid hourly wages. Rather, they are paid on a "per call" basis for each call they receive, respond to, and assist.

24.    Defendants did not provide Plaintiffs and others similarly situated with payroll statements or other documentation that reflected the actual number of hours that Plaintiffs worked.

25.     Plaintiffs and others similarly situated are on call 24 hours a day, 7 days a week. They regularly work in excess of 40 hours a week, but they are not paid any overtime. For example, Plaintiff Broderick Golden recalls routinely working more than 100 hours a week. Likewise, Plaintiff Aurthur Houston remembers routinely working more than 80 hours a week. Likewise, Plaintiff Ricky Lee Dixon remembers routinely working more than 50 hours a week.

## COLLECTIVE ACTION

26.     This Cause of Action is brought as a collective action under the FLSA, 29 U.S.C §216(b).

27.     Plaintiffs bring this Cause of Action on behalf of themselves all other similarly situated roadside assistance technicians who have worked for Defendants between February 2014 and the date of final judgment in this matter.

28.     Plaintiffs and other roadside assistance technicians are "similarly situated," as that term is used in 29 U.S.C. § 216(b), in that they are all subject to Defendants' common plan or practice of misclassifying technicians as independent contractors, not paying them overtime for all hours worked beyond forty (40) in a given week, and not ensuring that they receive at least the federal minimum wage for all weeks worked. Thus, resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping and payroll practices.

29.     The similarly situated roadside assistance technicians are known to Defendants, are readily identifiable, and may be located through Defendants' records, as well as the records of any payroll companies that Defendants have utilized. Defendants have employed, and continue to employ, many roadside assistance technicians throughout the State of Texas. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other

appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

30.     Copies of Golden's, Houston's, and Dixon's consents to bring their claims for unpaid minimum and overtime wages under FLSA as a representative action are attached hereto as Exhibits A, B, and C, respectively.

**CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**COLLECTIVE ACTION**
**<u>Failure to Pay Overtime</u>**
*(Named Plaintiffs and opt-ins against all Defendants)*

31.     Plaintiffs incorporate herein all previously stated allegations.

32.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §207(a)(1), an employer must pay an employee overtime at a rate not less than one and a half (1.5) times the employee's regular rate of pay for all hours worked in excess of forty hours per week.

33.     The FLSA allows an employer to pay on a piece-rate basis, provided that the employer pays for all hours worked, including non-productive hours, and pays a premium for hours worked over forty hours in a week, based on the employee's regular rate of pay. 29 U.S.C. §207(a) and (g); 29 C.F.R. § 778.111.

34.     A piece-rate employee's regular rate of pay is determined by "adding together his total earnings for the workweek from piece rates and all other sources (such as production bonuses) and any sums paid for waiting time or other hours worked (except statutory exclusions). This sum is then divided by the number of hours worked in the week for which such compensation was paid[.]" 29 C.F.R. § 778.111. Once the regular rate has been established, the piece-rate overtime is compensated at one and one-half times that regular rate for hours in excess of 40 that workweek.

Where there is no agreement between the employer and the employee made prior to performance of the work, the FLSA does not permit the employer to calculate a pieceworker's regular rate of pay by any other method. *See* 29 U.S.C. §207(g).

35.     Plaintiffs have regularly worked in excess of forty hours per week but have not been paid overtime premium pay for hours worked in excess of forty hours per week.

36.     Defendants knowingly, intentionally, and willfully failed to pay Plaintiffs overtime premium pay for hours worked in excess of forty hours per week.

37.     As a direct and proximate result of Defendants' willful unlawful conduct, Plaintiffs have suffered, and will continue to suffer, lost wages and other damages.

38.     This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. § 216(b).

## JURY TRIAL DEMAND

39. Plaintiffs demand a trial by jury for all issues of fact.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs Broderick Golden, Aurthur Houston, and Ricky Lee Dixon, and on behalf of all other persons similarly situated, known and unknown, request that this Court enter the following relief:

a.  Permission for individuals throughout the State of Texas who performed work for Defendants, are classified as independent contractors, and have not been paid minimum wage or overtime for hours greater than forty (40) worked in a week, to opt-in to this action pursuant to § 216(b) of the FLSA;

b.  All damages to which the named Plaintiffs and class members may be entitled;

c.  Liquidated and multiple damages as allowed by law, including double damages under the

FLSA;

d.  An injunction prohibiting Defendants from further violations of the law as described here;

e.  Post-judgment assignment of attorney's fees and costs; and

f.  Any other relief to which Plaintiffs and class members may be entitled.

Dated: March 16, 2017                     Respectfully submitted,

/s Shanon J. Carson
Shanon J. Carson
Fed. Id. 2330781
PA State Bar No.: 85957
**ATTORNEY IN CHARGE FOR PLAINTIFFS**

Sarah R. Schalman-Bergen
Fed. Id. 2330780
PA State Bar No.: 206211
Eric Lechtzin
Fed. Id. (application pending)
PA State Bar No.: 62096
CA State Bar No. 248958
NJ State Bar No.: 011841992
Alexandra K. Piazza
Fed. Id. 2330782
PA State Bar No.: 315240
NJ State Bar No.: 010922013
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
Email: scarson@bm.net
        sschalman-bergen@bm.net
        elechtzin@bm.net
        apiazza@bm.net

David M. Blanchard (MI # P67190)
Daniel C. Tai (MI # P76798)
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, Michigan 48104-1166
Telephone: (734) 929-4313
Facsimile: (888) 929-5833
blanchard@bwlawonline.com
tai@bwlawonline.com

**ATTORNEYS FOR PLAINTIFFS
BRODERICK GOLDEN, AURTHUR
HOUSTON, AND RICKY LEE DIXON**